Welch, J.,
concurs.
|tI concur with the result reached in this matter. While I agree that the trial court’s judgment should be reversed and the matter remanded for further proceedings, I disagree with the opinion’s interpretation and application of M.P.W. v. L.P.W., 2013-0366 (La.App. 1 Cir. 11/1/13), 136 So.3d 37. In M.P.W., the issue was whether the agreement itself was against public policy—the agreement was that the mother would relinquish her claim to child support, that the father would be permanently relieved of his obligation to support his children, that his custodial and visitation rights would be terminated, and that the *287 father would execute a voluntary act of surrender of his parental rights to the children so as to free them for adoption. When the agreement was entered into, it was either absolutely null for a vice of substance (against public policy) or it was not. When the agreement was entered into, there was no pending adoption and the father never executed the surrender and the subsequent adoption of the child was accomplished on other grounds, as detailed in In re B.L.M., 2013-0448 (La. App. 1 Cir. 11/1/13), 136 So.3d 5. Under the opinion’s interpretation and application of M.P.W. in this case, there must be an actual adoption in order for the agreement to be valid or not be against public policy; however, I do not think that a subsequent act, ie. an actual adoption, can serve to ratify the agreement or make the agreement not against public policy—it was either absolutely null when it was entered into or it was not.
l2In my opinion, the holding of M.P.W., 136 So.2d at 48, was that the agreement itself wherein the mother relinquished her claim for child support against the father, “together with the agreement that [the father] would execute a voluntary surrender of his parental rights so that the children could be adopted” did not violate the public policy of the state because the adopting parent would be assuming the legal obligation to financially support the children. (Emphasis mine). In other words, the agreement for a permanent waiver of child support coupled with an act of surrender wherein an adoption is clearly intended or contemplated is what made the agreement not against public policy. In this case, neither the agreement itself nor the evidence offered in support of the exception of no right of action establishes that the agreement was entered into with an intent for the children to be adopted thereafter. Therefore, the trial court’s judgment should be reversed and the matter remanded.
Thus, I respectfully concur.